**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN JAY LACEY,

        Plaintiff,

vs.                                                              Case No.  3:26-cv-169-MMH-MCR

ANDREW RICHARD LACEY,
MARKUS ANKUAN SERMONS,
and DAVID MICHAEL GOLDMAN,

        Defendants.

                               /

## <u>ORDER</u>

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Proceeding <u>pro</u> <u>se</u>, Plaintiff,

John Jay Lacey, initiated this action on January 29, 2026, by filing a Civil

Complaint (Doc. 1; Complaint). Upon review, the Court finds that the

Complaint is an impermissible "shotgun pleading." In the analysis that follows,

the Court will discuss some of the problems with the Complaint and provide

Plaintiff with the opportunity to file a corrected complaint consistent with the

Federal Rules of Civil Procedure (Rule(s)). Plaintiff should carefully review this

Order and consider utilizing the resources available for <u>pro</u> <u>se</u> litigants, cited

below, before filing his corrected complaint. Failure to comply with the pleading

requirements set forth in this Order may result in the dismissal of this action

without further notice.

As a preliminary matter, the Court offers some general guidance for Plaintiff as he drafts his corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Plaintiff as he navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading standard, "a complaint must still contain either direct or inferential allegations respecting

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov. The Federal Rules of Civil Procedure are available online.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792

F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here, one type of improper pleading occurs when the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that

- 4 -

a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). In the Complaint, Plaintiff appears to assert multiple claims under state law, but he fails to include any identifiable counts or explain which facts support each claim. See generally Complaint. As a result, it is impossible to discern what claim(s) Plaintiff brings. As with all types of shotgun pleadings, the Complaint therefore fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." See Weiland, 792 F.3d at 1323.

Importantly, when repleading with separate counts, Plaintiff should take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this too constitutes a form of impermissible shotgun pleading. See id. at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Plaintiff should also be sure to specify which of the defendants each claim is brought against. See id. at 1323 (noting that one type of shotgun pleading occurs where a plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for

- 5 -

which acts or omissions, or which of the defendants the claim is brought against").

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Plaintiff to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In accordance with Rules 8(a)(2) and 10(b), Plaintiff must set forth separate causes of action in numbered counts against specific defendants and must provide "a short and plain statement" of his claims demonstrating that Plaintiff is entitled to relief. See Rules 8(a)(2), 10(b). Plaintiff must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of his claims. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Prior to filing his corrected complaint, Plaintiff is encouraged to consider consulting with a legal aid organization that offers free legal services such as Jacksonville Area Legal Aid (JALA). Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is

available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Civil Complaint (Doc. 1) is **STRICKEN**.

2.  Plaintiff shall file a corrected complaint on or before **May 29, 2026**.[3]

    Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Pro Se Party

---

[2] In preparing the corrected complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).